WG SECURITY PRODUCTS, INC.; EAS Sensorsense, Inc., Plaintiffs—Appellees,

v.

TYCO INTERNATIONAL, LTD.; Tyco Fire & Security; ADT Security Services, Inc.; Sensormatic Electronics Corp., Defendants—Appellants.

No. 07–55744.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 21, 2008.*

Filed Dec. 18, 2008.

Mark Labaton, Esq., Kreindler and Kreindler LLP, Los Angeles, CA, Eric T. Chaffin, Esq., Seeger Weiss, LLP, New York, NY, for Plaintiffs–Appellees.

Patrick A. Long, Esq., Long & Williamson, Santa Ana, CA, Richard Simses, Esq., Abbott, Simses & Kuchler, Houston, TX, for Defendants–Appellants.

Before: GRABER and CLIFTON, Circuit Judges, and TRAGER,** District Judge.

MEMORANDUM ***

Defendants appeal the entry of a judgment by the district court based upon a settlement put on the record by the attorneys for both sides. We affirm.

Defendants' effort to distinguish this case from *Doi v. Halekulani Corp.*, 276 F.3d 1131 (9th Cir.2002), is unpersuasive. Although Defendants argue that they did not intend to be bound until a written settlement agreement was executed, that qualification was not stated when the settlement was put on the record. It surely was not made known to the district court.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

To the contrary, the court went to great lengths to confirm that a binding settlement had been reached. At the outset of the telephonic conference, the district court said: "[I]f the case has settled, you can put it on the record. If the case hasn't settled, let me know that. . . ." After counsel for Defendants stated the essential terms of the agreement, the court asked if both parties agreed that the enumerated terms were the essential terms, and the attorneys for both sides unmistakably agreed. Reference was made to getting a "final written document" but the settlement was conditioned neither upon a signed written agreement nor upon any additional terms. Indeed, the district court confirmed the agreement by stating: "The case is settled. If for some reason you don't get your final documentation, you can sue to enforce this settlement. . . ." Counsel for Defendants said nothing to correct or contest that understanding.

It is not necessary for a district court to go to such lengths to confirm a settlement agreement, but in the context of such assurances, a later argument that a party had no intent to be bound is futile. The court's ability to manage its calendar would be hamstrung by any other result.

**AFFIRMED.**